UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONNIE OLIVER,

           Plaintiff,           Case No. 2:12-cv-292

v.                                     Honorable R. Allan Edgar

UNKNOWN PARKKILA et al.,

           Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Unknown Lindemuth, Unknown Rutter and Unknown Contreras. The Court will serve the complaint against Defendants Unknown Parkkila and Unknown Rogers.

**Discussion**

I.  Factual allegations

Plaintiff presently is incarcerated at the Barraga Maximum Correctional Facility but complains of events that occurred at the Alger Correctional Facility. In his *pro se* complaint, he sues Corrections Officers Unknown Parkkila and Unknown Rogers, Resident Unit Manager Unknown Lindemuth, Assistant Deputy Warden Unknown Rutter and Inspector Unknown Contreras.

On August 11, 2009, Plaintiff confronted Officer Parkkila about Parkkila's refusal to give another prisoner a shower. Parkkila replied, "mind your own [] business or I'll take your mail and showers." (Compl., docket #1, Page ID#3.) Plaintiff then spoke with another officer about Parkkila's threats and filed a grievance against Parkkila. After filing his grievance, Plaintiff alleges that Parkkila retaliated by filing a misconduct report against him.

On August 23, 2009, Plaintiff claims that Parkkila also retaliated against him by depriving Plaintiff of his shower and fabricating a misconduct report against him. After a few months of good behavior, however, Plaintiff received a television for his cell as well as other privileges. On November 27, 2009, Plaintiff alleges that Parkkila ordered him to give up his TV for no apparent reason. When Plaintiff ignored him, Parkkila wrote a misconduct report against him. The following day, Parkkila wrote another misconduct report against Plaintiff.

On December 8 and 13, 2009, Plaintiff grieved Parkkila for harassing him. In the grievance dated December 13, 2009, Plaintiff also reported "[o]n 12/13/09[, Officer] Rogers refused to feed me on the basis of a fabricated story claiming that I threatened him[, in] which Parkkila successfully influenced Rogers to do while Parkkila was making a 4:40 pm count round[.] I asked

him, 'why are you influencing the feeding [Officer] to not do his job and feed me?' He stated that, 'You shouldn't [have] wrote the grievance on me.'" (*Id.* at Page ID#4.)

On December 30, 2009, Plaintiff alleges that Parkkila retaliated again by threatening Plaintiff and writing a false misconduct ticket against him. Parkkila, while picking up dinner trays, allegedly stopped at Plaintiff's cell and said: "You're going to pay for writing grievances on me." (*Id.* at Page ID#5.)

On January 7, 2010, Plaintiff wrote a complaint to Defendants Lindemuth, Rutter and Contreras regarding Parkkila's actions over the past six months. Plaintiff, however, alleges that "derelict of duty was their only action." (*Id.*) Because Defendants Lindemuth, Rutter and Contreras supposedly ignored his complaint, Plaintiff states that Parkkila's retaliation continued.

On March 7, 2010, Plaintiff asserts that Parkkila deprived him of a shower and stated, "you want to write grievances on me, then be stinky and hungry." (*Id.* at Page ID#6.) One week later, Plaintiff complains that he received another major misconduct ticket from Parkkila.

In summary, Plaintiff complains that Defendants violated his First Amendment rights and conspired against him.

Plaintiff requests declaratory relief and monetary damages.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. **Supervisory Liability**

Plaintiff fails to make specific factual allegations against Defendants Lindemuth, Rutter and Contreras, other than Plaintiff's claim that they failed to respond to his complaint

regarding Defendant Parkkila. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Lindemuth, Rutter and Contreras engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B.    **First Amendment - Retaliation**

Plaintiff alleges that Defendants Parkkila and Rogers retaliated against him after Plaintiff filed multiple grievances against Parkkila. The Court concludes that Plaintiff's First Amendment retaliation claims against Defendants Parkkila and Rogers are sufficient to warrant service of the complaint.

### C.    **Conspiracy**

Plaintiff argues that Defendants engaged in a conspiracy to violate his First Amendment rights. To state a claim for conspiracy, a plaintiff must plead with particularity, as

vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Smith v. Rose*, 760 F.2d 102,106 (6th Cir. 1985); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996). A plaintiff's allegations must show (1) the existence or execution of the claimed conspiracy, (2) overt acts relating to the promotion of the conspiracy, (3) a link between the alleged conspirators, and (4) an agreement by the conspirators to commit an act depriving plaintiff of a federal right. *Lepley v. Dresser*, 681 F. Supp. 418, 422 (W.D. Mich. 1988). "[V]ague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim." *Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996). A simple allegation that defendants conspired to cover up wrongful actions is too conclusory and too speculative to state a claim of conspiracy. *Birrell v. Michigan,* No. 94-2456, 1995 WL 355662, at *2 (6th Cir. June 13, 1995).

Plaintiff's allegations of conspiracy involving Defendants Lindemuth, Rutter and Contreras are conclusory and speculative. Plaintiff has not provided any allegations establishing a link between the alleged conspirators or any agreement between them. *See Twombly*, 550 U.S. at 556 (requiring factual allegations); *see also Iqbal*, 556 U.S. at 678-80. As previously discussed, since Plaintiff fails to adequately allege that Defendants Lindemuth, Rutter and Contreras violated his federal rights, Plaintiff cannot demonstrate any alleged agreement between them to deprive him of a federal right. Therefore, Plaintiff fails to state a conspiracy claim against Defendants Lindemuth, Rutter and Contreras.

At this stage of the case, the Court finds that Plaintiff states a conspiracy claim against Defendants Parkkila and Rogers.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Unknown Lindemuth, Unknown Rutter and Unknown Contreras will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Unknown Parkkila and Unknown Rogers.

An Order consistent with this Opinion will be entered.


Dated:     8/16/2012                          /s/ R. Allan Edgar
                                              R. Allan Edgar
                                              United States District Judge