UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

RONNIE OLIVER, #281382,

        Plaintiff,                                      Case No. 2:12-cv-292

v.                                                      Honorable R. Allan Edgar

UNKNOWN PARKKILA, et al.,

        Defendants.
_____/

**MEMORANDUM AND ORDER**

On July 25, 2013, U.S. Magistrate Judge Timothy P. Greeley entered a Report and Recommendation ("R&R") recommending that Defendant Parkkila's motion for summary judgment be granted, and that some of Plaintiff's claims be dismissed for failure to exhaust. Doc. No. 56. The remaining claims in this case are First Amendment retaliation claims against Defendant Parkkila and Defendant Rogers. The relevant facts in this case as follows:

> On August 11, 2009, Plaintiff confronted Officer Parkkila about Parkkila's refusal to give another prisoner a shower. Parkkila replied, "mind your own [] business or I'll take your mail and showers." (Compl., docket #1, Page ID#3.) Plaintiff then spoke with another officer about Parkkila's threats and filed a grievance against Parkkila. After filing his grievance, Plaintiff alleges that Parkkila retaliated by filing a misconduct report against him.
>
> On August 23, 2009, Plaintiff claims that Parkkila also retaliated against him by depriving Plaintiff of his shower and fabricating a misconduct report against him. After a few months of good behavior, however, Plaintiff received a television for his cell as well as other privileges. On November 27, 2009, Plaintiff

>alleges that Parkkila ordered him to give up his TV for no apparent reason. When Plaintiff ignored him, Parkkila wrote a misconduct report against him. The following day, Parkkila wrote another misconduct report against Plaintiff.
>
>On December 8 and 13, 2009, Plaintiff grieved Parkkila for harassing him. In the grievance dated December 13, 2009, Plaintiff also reported "[o]n 12/13/09[, Officer] Rogers refused to feed me on the basis of a fabricated story claiming that I threatened him[, in] which Parkkila successfully influenced Rogers to do while Parkkila was making a 4:40 pm count round[.] I asked him, 'why are you influencing the feeding [Officer] to not do his job and feed me?' He stated that, 'You shouldn't [have] wrote the grievance on me.'" (Id. at Page ID#4.)
>
>On December 30, 2009, Plaintiff alleges that Parkkila retaliated again by threatening Plaintiff and writing a false misconduct ticket against him. Parkkila, while picking up dinner trays, allegedly stopped at Plaintiff's cell and said: "You're going to pay for writing grievances on me." (Id. at Page ID#5.)
>
>On March 7, 2010, Plaintiff asserts that Parkkila deprived him of a shower and stated, "you want to write grievances on me, then be stinky and hungry." (Id. at Page ID#6.) One week later, Plaintiff complains that he received another major misconduct ticket from Parkkila.

Doc. No. 4, pp. ID 63-64. In the R&R, Magistrate Judge Greeley noted that Defendant Parkkila conceded that Plaintiff had exhausted the August 11, 2009 incident and the December 8 and 13, 2009 issue. Magistrate Judge Greeley dismissed the claim concerning the August 23, 2009 shower deprivation, and the November 27, 2009 television deprivation claim based on Plaintiff's failure to exhaust. Magistrate Judge Greeley found that Plaintiff had exhausted his March 7, 2010 shower deprivation claim, and did not dismiss that claim.

Both Plaintiff and Defendant Parkkila have filed objections to the R&R. This Court is required to make a de novo determination of those portions of the R&R to which

objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Defendant Parkkila asserts that Magistrate Judge Greeley should have dismissed the March 7, 2010 shower deprivation claim. Doc. No. 63. Specifically, Defendant Parkkila argues that Plaintiff's Step III grievance was filed approximately two years after his Step II grievance was rejected, and was therefore untimely. A review of the exhibits shows that Plaintiff's Step II response was forwarded to him on April 6, 2010, and that Plaintiff did not file his Step III grievance until May 14, 2012. LMF-1003-770-17b, Doc. No. 18-4, pp. ID 114-15. Plaintiff's Step III grievance was therefore rejected. The Court finds Defendant Parkkila's objection to have merit. Plaintiff's First Amendment retaliation claim concerning the March 7, 2010 shower deprivation issue will be dismissed.

In his objections [Doc. No. 59], Plaintiff asserts that he did not proceed through the entire grievance process with regard to the August 23, 2009 shower deprivation because Defendants' retaliation prevented him from doing so. Plaintiff's objection is without merit. Plaintiff was required to exhaust this issue, and failed to do so. This claim will be dismissed. Plaintiff also asserts that his November 27, 2009 television deprivation claim should not be dismissed. In support, Plaintiff points to MDOC policy language that states that a grievant may not grieve the content of policy or procedure except as it was specifically applied to the grievant. P.D. 03.02.130(f). Plaintiff appears to argue that he was not allowed to grieve the issue because it concerned the content of a policy or procedure. However, since the issue concerned how the policy or procedure was specifically applied to the grievant, Plaintiff would not have been prevented from grieving the issue. This claim will also be dismissed.

3

The Court clarifies that Plaintiff's August 11, 2009 claim only concerns Defendant Parkkila's alleged statement that he would take away Plaintiff's mail and his showers after Plaintiff complained to Defendant Parkkila of Parkkila's treatment of another prisoner. Plaintiff's allegation that Defendant Parkkila filed a false misconduct ticket against him after Plaintiff had grieved the August 11 issue has not been exhausted and is therefore dismissed. The Court notes that a plaintiff must allege that he has engaged in protected conduct to state a retaliation claim. Plaintiff's oral complaint to Defendant Parkkila of Defendant Parkkila's treatment of another prisoner does not constitute protected conduct. Plaintiff's August 11, 2009 claim will therefore be dismissed for failure to state a claim upon which relief can be granted.

The other remaining claim in this case concerns Defendant Rogers allegedly refusing to feed Plaintiff a meal on December 13, 2009, at the alleged urging of Defendant Parkkila. Although this claim was properly exhausted, the deprivation of one meal is insufficient to constitute adverse conduct for purposes of stating a retaliation claim. *See Jackson v. Pelkola*, 2009 WL 6849445 (W.D. Mich. Oct. 29, 2009) (Greeley, M.J.), *adopted by* 2010 WL 3609513 (Sept. 13, 2010) (Edgar, J.). This claim will therefore be dismissed for failure to state a claim upon which relief can be granted.

Magistrate Judge Greeley's R&R did not specifically address Plaintiff's claim that Defendant Parkkila wrote a false misconduct ticket on Plaintiff on December 30, 2009, in retaliation for Plaintiff's previously filed grievances. That claim does not appear to have been exhausted through all three steps of the grievance process, and will therefore be dismissed.

Defendant Parkkila's objection [Doc. No. 63] is GRANTED.  Plaintiff's objection [Doc. No. 59] is DENIED.  Pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. L. Civ. R. 72.3(b), the Court ACCEPTS and ADOPTS Magistrate Judge Greeley's R&R [Doc. No. 56] as the opinion of the Court with the following exceptions: Plaintiff's March 7, 2010 shower deprivation claim is dismissed for failure to exhaust; Plaintiff's December 30, 2010 false misconduct claim is dismissed for failure to exhaust; Plaintiff's claim concerning the December 13, 2009 incident is dismissed for failure to state a claim; and Plaintiff's claim concerning the August 11,2 009 incident is dismissed for failure to state a claim.  Defendant Parkkila's motion for summary judgment [Doc. No. 17] is GRANTED.  Plaintiff's complaint is DISMISSED in its entirety.  Plaintiff's August 11, 2009 and December 13, 2009 claims are DISMISSED WITH PREJUDICE.  The remainder of Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.  A Judgment consistent with this Memorandum and Order will be entered.

SO ORDERED.

Dated:   9/23/2013            /s/ R. Allan Edgar
                              R. Allan Edgar
                              United States District Judge